
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H & R BLOCK EASTERN ENTERPRISES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTHA REYES, )<br>)<br>Defendant. ) | **08 CV 01071**<br><br>CASE NO. _____<br><br>ORDER TO SHOW CAUSE |

An application having been made by plaintiff H & R Block Eastern Enterprises, Inc. ("H & R Block") for an Order enjoining defendant Martha Reyes ("Defendant") from (i) violating the employment agreement that she entered into with H&R Block, (ii) offering tax preparation services for H&R Block's customers whose tax returns Defendant prepared or electronically filed while she was employed by H&R Block; and (iii) soliciting H&R Block clients whose tax returns Defendant prepared or electronically filed while she was employed by H&R Block;

Now, upon reading the Verified Complaint and Request for Injunctive Relief, and the exhibits annexed thereto, and the accompanying memorandum of law in support of plaintiff's application and other pleadings, and it appearing that H&R Block is entitled to such relief unless good cause be shown to the contrary, it is

On this 5th day of February 2008,

ORDERED, that the above named Defendant show cause before this Court, at Room 26D, United States Courthouse, 500 Pearl Street, New York, New York, on February 14, 2008 at 9:30 o'clock ~~of the~~ P.M. _____ thereof, or as soon thereafter as the parties may be heard, why an order should not be issued, pursuant to Rule 65 of the Federal Rules of Civil Procedure, preliminary enjoining defendant Martha Reyes from (i) violating the employment agreement that she entered into with

WA 946349.1

H&R Block, (ii) preparing any tax returns, electronically filing any tax returns, or providing any other products or services, other than the preparation or electronic filing of tax returns, that H&R Block provides to clients within the Manhattan District ("Alternative Products or Services"), to the following: any person or entity whose federal or state tax return Defendant prepared or electronically filed, or for whom Defendant provided any Alternative Products or Services, while Defendant was employed by H&R Block, and (ii) soliciting any person or entity whose federal or state tax return Defendant prepared or electronically filed, or for whom Defendant provided any Alternative Products or Services, while Defendant was employed by H&R Block, for the purpose of offering to such person or entity tax return preparation services, electronic filing of tax returns, or any Alternative Products or Services; and it is further

ORDERED that sufficient reason having been shown therefore, pending the hearing of plaintiff's motion for a preliminary injunction, pursuant to Rule 65, Fed. R. Civ. P., Defendant is temporarily restrained from (i) violating the employment agreement that she entered into with H&R Block, (ii) preparing any tax returns, electronically filing any tax returns, or providing any Alternative Products or Services to the following: any person or entity whose federal or state tax return Defendant prepared or electronically filed, or for whom Defendant provided any Alternative Products or Services, while Defendant was employed by H&R Block, and (ii) soliciting any person or entity whose federal or state tax return Defendant prepared or electronically filed, or for whom Defendant provided any Alternative Products or Services, while Defendant was employed by H&R Block, for the purpose of offering to such person or entity tax return preparation services, electronic filing of tax returns, or any Alternative Products or Services; and it is further

✓ *Security in the amount of $ _____ will be posted by _____*

ORDERED that on the date, time, and place specified above, the above named Defendant shall show cause why an order should not be issued requiring the parties to engage in expedited

discovery, and in particular, requiring defendant Martha Reyes (a) to respond to any interrogatories and/or requests for production of documents propounded by H & R Block within seven (7) business days of service of the request on defendant or within five (5) business days of the date this Court signs the Order to expedite discovery, whichever is longer, which will allow discovery prior to the hearing regarding a preliminary injunction; and (b) to submit to deposition upon three (3) calendar days' notice pursuant to a properly served deposition notice; and it is further

ORDERED that Defendant shall serve and file its opposition papers, if any, to plaintiff's application on or before _____, 2008 by hand, facsimile or electronic copy, and that plaintiff shall serve and file its reply papers, if any, on or before _____, 2008 by hand, facsimile or electronic copy; and it is further

_service has been effected_

ORDERED that a copy of this order, together with the papers on which it is granted, be served upon Defendant by _____ on or before _____, 2008 and that such service be deemed good and sufficient.

_/s/ Thomas P. Griesa_
United States District Judge